IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK A. MITCHELL,

       Plaintiff,                No. CIV S-10-1754 KJM P

    vs.

NEW FOLSOM STATE PRISON,
et al.,

       Defendants.         <u>ORDER</u>
_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1  collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17         In order to avoid dismissal for failure to state a claim a complaint must contain

18  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

19  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

20  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

22  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

23  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

25  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

26  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

1  (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v.</u>
2  <u>Rhodes</u>, 416 U.S. 232, 236 (1974).

3          Plaintiff alleges that when he sought copies of the Operational Procedures Manual
4  from the law library at Folsom State Prison, he was given "insufficient inadequate erroneous
5  procedures" and that the defendants, who include the Warden, Captain Mini and D. Leiber, a
6  Watch Commander, "continue to create ad-hoc underground railroad policies [<u>sic</u>]" in violation
7  of state law.   Because the O.P.M. has been suppressed, plaintiff has been unable "to file
8  additional complaints for constitutional violations."   Complaint at 3.

9          The court finds the allegations in plaintiff's complaint so vague and conclusory
10 that it is unable to determine whether the current action is frivolous or fails to state a claim for
11 relief.   To the extent the court can interpret plaintiff's complaint, it appears that he is
12 complaining about the adequacy of the law library, which has prevented him from finding new
13 subjects for unspecified lawsuits.   He does not specifically tie the perceived inadequacies in the
14 law library to the named defendants.

15          An inmate has a constitutionally protected right of meaningful  access to the
16 courts.  <u>Bounds v. Smith</u>, 430 U.S. 817, 820-21 (1977).  However, there is no freestanding
17 constitutional right to law library access for prisoners.  <u>See Lewis v. Casey</u>, 518 U.S. 343,
18 350-51 (1996).  Instead, law library access serves as one means of ensuring the constitutional
19 right of access to the courts.  <u>See id.</u> at 351.  A prisoner claiming that his right of access to the
20 courts has been violated due to inadequate library access must show that: 1) access was so
21 limited as to be unreasonable, and 2) the inadequate access caused actual injury.  <u>Vandelft v.</u>
22 <u>Moses</u>, 31 F.3d 794, 797 (9th Cir. 1994).

23          A prisoner cannot make conclusory declarations of injury, but instead must
24 demonstrate that a non-frivolous legal claim has been frustrated or impeded.  To prevail,
25 however, it is not enough for an inmate to show some sort of denial: he must also show "actual
26 /////

3

1  injury" from the denial or delay of services.  The Supreme Court has described the actual injury

2  requirement:

3          [T]he inmate therefore must go one step further and demonstrate
           that the alleged shortcomings in the library or legal assistance
4          program hindered his efforts to pursue a legal claim.  He might
           show, for example, that a complaint he prepared was dismissed for
5          failure to satisfy some technical requirement which, because of
           deficiencies in the prison's legal assistance facilities, he could not
6          have known.  Or that he suffered arguably actionable harm that he
           wished to bring before the courts, but was so stymied by
7          inadequacies of the law library that he was unable even to file a
           complaint.

8

9  Lewis v.  Casey, 518 U.S. 343, 351 (1996).   If the underlying action is frivolous, a plaintiff

10  cannot make the necessary showing of actual injury.  See Christopher v.  Harbury, 536 U.S. 403,

11  415 (2002).   In this case plaintiff alleges only that the inadequacies of the law library have

12  prevented him from mining the regulations for potential new lawsuits.  He has not made a

13  showing of actual injury.   The court will give him an opportunity to amend his complaint, if he

14  is able to do so while complying with Federal Rule of Civil Procedure 11.

15          Plaintiff also complains about the defendants' reliance on so-called underground

16  regulations, which are regulations adopted without compliance with the state's Administrative

17  Procedures Act.   See Cole v. Sisto, 2010 WL 2303257 at 4 (E.D. Cal. 2010).   He does not

18  identify the regulations nor suggest how this reliance violates his constitutional rights.   He will

19  be given the opportunity to amend this portion of the complaint as well, if he is able.

20          The court therefore finds that the complaint does not contain a short and plain

21  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

22  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

23  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

24  must allege with at least some degree of particularity overt acts which defendants engaged in that

25  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

26  /////

Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (docket no. 9) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

/////

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED:  November 17, 2010.

_____
U.S. MAGISTRATE JUDGE

2
mitch1754.14