IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK A. MITCHELL,

       Plaintiff,                   No. CIV S-10-1754 GGH (TEMP) P

    vs.

NEW FOLSOM STATE PRISON, et al.,

       Defendants.          ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983, has filed a motion for leave to file a second amended complaint. Since the court has not yet screened plaintiff's amended complaint as it is required to do under 28 U.S.C. § 1915A(a), plaintiff's motion for leave to amend will be granted.

       Plaintiff also asks that the court appoint plaintiff an "expert in investigations as a paralegal / legal secretary." The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute under which plaintiff is proceeding does not authorize the expenditure of funds for investigators or paralegals. <u>See</u> 28 U.S.C. § 1915. In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>,

1

900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint is granted.

2. Plaintiff's December 9, 2010 amended complaint is dismissed.

3. Plaintiff is granted thirty days within which to file a second amended complaint. Plaintiff must comply with the terms of the court's November 17, 2010 order in drafting his second amended complaint. Failure to file a second amended complaint within thirty days will result in dismissal of this action.

4. Plaintiff's January 13, 2011 "motion for appointment of experts" is denied.

DATED: February 2, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

kc
mith1754.mta

---

[1] The undersigned does not view this request as governed by McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir.), vacated on other grounds sub nom. Helling v. McKinney, 502 U.S. 903, 112 S.Ct. 291 (1991). McKinney discusses the court's discretion in appointing experts for a *pro se* party on substantive matters. It does not suggest that the court has discretion to appoint an "expert" to accomplish what Tedder forbids.