IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK A. MITCHELL,

    Plaintiff,                   No. CIV S-10-1754 GGH (TEMP) P

   vs.

NEW FOLSOM STATE PRISON, et al.,

    Defendant.                FINDINGS AND RECOMMENDATIIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 2, 2011, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.
8       In order to avoid dismissal for failure to state a claim a complaint must contain
9 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).
20       The court has reviewed plaintiff's second amended complaint.  While it is not
21 entirely clear what action plaintiff challenges, it appears plaintiff takes issue with California
22 Department of Corrections and Rehabilitation (CDCR) staff not complying with established
23 CDCR rules and procedures.  However, plaintiff does not present anything suggesting a violation
24 of federal law which he must do to state an actionable claim under 42 U.S.C. § 1983.
25 Specifically, the undersigned cannot identify any alleged claim of violation of California law
26 which might give rise to a liberty interest.  Nor should plaintiff be granted leave to amend.

1  Plaintiff has been given an opportunity to amend, concedes that he has been given sufficient time
2  to analyze his issues, and cannot state claims other than alleged violations of state law.  For these
3  reasons, plaintiff's second amended complaint will be recommended dismissed without leave to
4  amend.

5     In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's
6  second amended complaint be dismissed.

7     These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: March 24, 2011

                                        /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

kc
mitc1754.dis